UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS INDUSTRIAL & MECHANICAL CONTRUCTORS LLC | CIVIL ACTION |
| VERSUS | |
| HOOD CONTAINER OF LOUISIANA, LLC | NO. 22-01002-BAJ-RLB |

RULING AND ORDER

Before the Court is Defendant's **Motion For Summary Judgment (Doc. 22, the "Motion")**. Plaintiff opposes the Motion. (Doc. 25). Defendant filed a Reply. (Doc. 30). For the following reasons, the Motion will be **GRANTED**.

I. PRELIMINARY ISSUES

This case is about a business relationship turned sour. Plaintiff sued Defendant, a previous business associate, regarding allegedly unpaid oral contracts and for Defendant's alleged failure to return Plaintiff's equipment held on Defendant's property.[1]

---

[1] Plaintiff added its claim regarding gas cylinders held on Defendant's property by an amendment to the original Complaint in March 2023. (*See* Doc. 13). The Amended Complaint does not allege a specific statutory violation, nor does it provide a theory of the legal duty Defendant allegedly owed to Plaintiff. (*See id*). Plaintiff's Opposition, (Doc. 25), however, raises a tort claim for "accidental damage to a movable that belongs to another" with respect to the gas cylinders and seeks recourse under La. Civ. Code Ann. art. 2315(A) (2001). (*Id.* at 8). Though Plaintiff references the fact that "intentional intermeddling with a movable in the possession of another" may lie under La. Civ. Code Ann. art. 2315(A), Plaintiff specifies that "accidental damages to a movable that belongs to another ... is the more apt description under the facts of this case." (*Id.* at 8 (quoting *MCI Commc'ns Servs., Inc. v. Hagan*, 11-1039, p. 8 (La. 10/25/11), 74 So. 3d 1148, 1155)). The Court therefore construes Plaintiff's claim regarding unreturned gas cylinders as a separate negligence claim in addition to its oral contract claims. The Court notes that

1

The Court will initially address two preliminary issues raised by Defendant in its Reply. (Doc. 30). First, Defendant contends that Plaintiff's Opposing Statement of Material Facts, (Doc. 25-2), does not comply with Local Rule 56(c), and therefore should not be deemed admitted for the Court's assessment of the Motion. (Doc. 30 at 1–2). Second, Defendant contends that Plaintiff relies on inadmissible hearsay evidence in its Opposition, (Doc. 25), and asks the Court to disregard this evidence in its resolution of the Motion. (Doc. 30 at 4–7). Plaintiff did not make any additional filing to address these two issues raised in Defendant's Reply.

The Court addresses each preliminary issue in turn.

### a. Local Rule 56

A party opposing a motion for summary judgment is required to "submit with its opposition a separate, short, and concise statement of material facts" that admits, denies, or qualifies the facts set forth in the moving party's statement of material facts. M.D. La. Local Rule 56(c). Each denial or qualification must be supported with a citation to the record. M.D. La. Local Rule 56(c); (f). Unless "properly controverted" in accordance with this rule, facts supported by specific record citations are deemed admitted for the purposes of summary judgment. M.D. La. Local Rule 56(f).

---

the United States Court of Appeals for the Fifth Circuit has "repeatedly emphasized" that "[a] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 925 (5th Cir. 2022) (quoting *Jackson v. Gautreaux*, 3 F.4th 182, 188 (5th Cir. 2021)). The Court, however, also acknowledges that "[f]ederal pleading rules … do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014). Although the parties failed to raise the question of whether Plaintiff's negligence claim is "properly before the court," the Court determines this issue to be moot. This is because, even if Plaintiff has adequately articulated its negligence claim, the Court finds that Plaintiff's negligence claim cannot survive summary judgment.

2

Defendant's Motion includes a Statement of Uncontested Material Facts. (*See* Doc. 22-3). Plaintiff's Opposition includes an Opposing Statement of Uncontested Material Facts. (*See* Doc. 25-2). This Opposition, however, is neither formatted properly in accordance with Local Rules 56(c) and 56(f), nor does it directly contradict the facts submitted by Defendant. (*Id.*) Thus, the uncontested material facts presented in Defendant's Motion, (Doc. 22-3), are deemed admitted. *See Weil v. Neary*, 278 U.S. 160, 169 (1929) (holding that a properly adopted local rule "has the force of law"); *Wimsatt v. Jaber*, No. 24-cv-30366, 2025 WL 711120, at *5 (5th Cir. Mar. 5, 2025) (determining that the failure to properly contest facts in accordance with local rules permits the admission of properly submitted material facts).

### b. Hearsay Evidence at Summary Judgment

Defendant properly controverted Plaintiff's Opposing Statement of Uncontested Material Facts, (Doc. 25-2), through its Reply. (*See* Doc. 30-1). Defendant's objections, however, do not contest the factual accuracy of Plaintiff's opposing statements. (*Id.*). Instead, Defendant challenges the admissibility of the support provided by Plaintiff. (*Id.*)

At the summary judgment stage, the Court may only consider evidence that would be admissible as evidence at trial. *See* Fed. R. Civ. P. 56(c)(1)(B) (permitting a party to oppose a motion of summary judgment by showing that the "adverse party cannot produce admissible evidence to support the fact"). Hearsay evidence is not permissible summary judgment evidence, *Martin v. John W. Stone Oil Distrib., Inc.*,

819 F.2d 547, 549 (5th Cir. 1987), unless the party seeking to admit that evidence can show that it could be presented in an admissible form at trial. *Patel v. Tex. Tech Univ.*, 941 F.3d 743, 746–47 (5th Cir. 2019); *See also*, *Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 218 (5th Cir. 2024).

Thus, the Court will not consider submitted material facts supported by record citations that amount to hearsay or would otherwise be inadmissible at trial. Given that Defendant did not contest the factual nature of the additional statements submitted in Plaintiff's Reply, (*See* Doc. 30-1), the Court will view all statements that are both material and supported by admissible record citations as uncontroverted and admitted. *See* M.D. La. Local Rule 56(e).

## II.  BACKGROUND

The Court will first turn to undisputed summary judgment evidence, then will address inadmissible summary judgement evidence.

### a. Undisputed Summary Judgment Evidence

The following facts are uncontested for present purposes:

Defendant owns a paper mill located in St. Francisville, Louisiana. (Doc. 22 - 3 ¶ 1). Defendant regularly outsourced various maintenance jobs at the mill to Plaintiff. (*Id.* ¶¶ 2–3). Defendant terminated all contracts with Plaintiff on January 13, 2020. (Doc. 22-1 at 6; Doc. 25 at 4).

Plaintiff, Thomas Industrial & Mechanical Constructors LLC, is solely owned by Steve Thomas ("Thomas"). (Doc. 22-3 ¶ 2). As a general practice, Plaintiff does not perform work for clients without being provided an assurance that Plaintiff will be

4

paid. (Doc. 25-2 ¶ 4).

Plaintiff formerly employed John Stamey ("Stamey"). (Doc. 22-3 ¶ 4). Stamey told Thomas that Stamey arranged various oral contracts with Defendant on behalf of Plaintiff during his employment by Plaintiff. (*Id.*).

Thomas has no specific knowledge regarding the terms of the twenty-eight oral contracts involved in this suit. (*Id.* ¶ 10). Thomas' knowledge of these oral contracts originates from one conversation with Stamey relating to an oral contract for a specific job at "Carl's Canyon." (*Id.* ¶ 6). Thomas does not know if the Carl's Canyon job is one of the twenty-eight oral contracts included in this suit. (*Id.* ¶ 7). Though Stamey claimed work began on the Carl's Canyon job without any written documentation, Stamey informed Thomas that Defendant planned to issue a written purchase order. (*Id.* ¶ 8; *See also* Doc. 25-2 ¶ 2). A written purchase order exists for the Carl's Canyon job. (Doc. 22-3 ¶ 9). Defendant never issued payment to Plaintiff for work conducted without a written purchase order issued by Defendant. (*Id.* ¶ 11).

Plaintiff leased gas cylinders from another company, Industrial Welding Supply. (*Id.* ¶ 12). Defendant was not a party to this contract. (*Id.*). Industrial Welding Supply placed the gas cylinders on Defendant's property. (*Id.* ¶ 13). Though Plaintiff never called or wrote Defendant to request the removal of the cylinders from Defendant's property, (*Id.* ¶ 14), some of Plaintiff's employees—including Thomas himself—attempted to physically retrieve the gas cylinders but were denied access to

Defendant's property. (Doc. 25-2 ¶ 1).[2]

### b. Inadmissible Summary Judgment Evidence

Both parties offer statements about the oral contracts and the gas cylinders that were either supported by inadmissible evidence or no evidence at all.

Namely, Plaintiff asserts that the oral contracts were understood to be Time and Material Contracts—a common practice in the field in which Plaintiff and Defendant operate. (*Id.* ¶ 5). Support for this statement comes from Thomas' testimony. (*Id.* (citing Doc. 25 - 3 at 76:6–77:20)). Thomas had no direct knowledge of the terms of the oral contracts between the parties and merely relayed information Stamey provided him. (Doc. 22-3 ¶ 4, 10). Further, Thomas' cited testimony provides no evidentiary support for the assertion that Time and Material Contracts are commonplace within the industry. (*See* Doc. 25-3 at 76:6–77:20). Thus, the Court will not consider this statement.

Plaintiff further asserts that all contracts with Defendant were billed at a consistent pre-approved rate that was submitted to Defendant via invoice. (Doc. 25-2 ¶ 6). Support for this statement again comes from testimony provided by Thomas, who, as discussed previously, has no direct knowledge of the contracts relevant to this

---

[2] Defendant asserts Thomas' testimony is both unrelated to the gas cylinders and inadmissible as hearsay. (Doc. 30-1 at 1). This is not consistent with the record. The testimony cited by Plaintiff occurs within a longer back-and-forth about the gas cylinders specifically—not Plaintiff's equipment generally. (Doc. 25-3 at 103:15–104:25). Further, Thomas' testimony appears to demonstrate his own personal experience of being denied access to Defendant's property. (*Id.*) ("I went to the gate, and they wouldn't let us in.") ("[I] went back to get [the gas cylinders], and they wouldn't let me in the gate."). While Thomas also discusses "send[ing] his people" to the property, the Court must consider all evidence "in the light most favorable to the party opposing the motion" at the summary judgment stage. *See Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir. 1995). Thus, the Court construes Thomas' testimony as conveying a personal experience and deems his testimony on this issue admissible.

suit. (*Id.* (citing Doc. 25-3 at 152); Doc. 22-3 ¶ 4, 10). Thomas' testimony further provides no mention of billing rates being submitted via invoice. (*See* Doc. 25 - 3 at 152). The Court, therefore, will not consider this statement.

In contrast, Defendant asserts that the gas cylinders were placed on Defendant's property at Plaintiff's request. (Doc. 22-3 ¶ 13). Support for this statement comes from Thomas' testimony, which makes no mention of who requested the cylinders be placed on Defendant's property. (*Id.* (citing Doc. 22-3 at 99:2–7)). The Court, therefore, will also not consider this statement.

### III.  LEGAL STANDARD

#### a. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that the Court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Hou. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). The Court, however, only "resolve[s] factual controversies in favor of the nonmoving party ... only where there is an *actual controversy*, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (internal citation omitted) (emphasis added).

"Where the nonmovant bears the burden of proof at trial, the movant may

merely point to an absence of evidence, thus shifting to the nonmovant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (internal citation omitted). If the nonmoving party fails to provide adequate support for their claims after being provided adequate time to conduct discovery, "Rule 56(c) *mandates* the entry of summary judgment." *Celotex Corp v. Catrett*, 477 U.S. 317, 322–323 (1986). The Court is prohibited, in the absence of evidence supporting each element of the claims alleged, from "assum[ing] that the nonmoving party could or would prove the necessary facts" at trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

   b. **Oral Contracts**

Louisiana Civil Code Article 1831 requires that the party seeking performance of an obligation prove its existence by a preponderance of the evidence. La. Civ. Code Ann. art. 1831 (1984). An oral contract valued over $500 must be proven "by at least one witness and other corroborating circumstances." La. Civ. Code Ann. art. 1846 (1984). For purposes of proving the existence of an oral contract, a plaintiff may serve as his own witness. *Suire v. Lafayette City - Par. Consol. Gov't*, 2004-1459, p. 22 (La. 4/12/05), 907 So. 2d 37, 58; *See also, Kushindana v. Antioch Publ'g Co.*, 755 F. Supp. 142, 144 (M.D. La. 1991) ("[T]he party asserting the existence of the oral contract must satisfy both conditions, although the party himself may, in certain cases, be his one witness.").

Should the plaintiff serve as his own witness, "the other corroboration must come from a source other than the plaintiff." *Suire*, 907 So. 2d at 58; *See, e.g., Regel L. Bisso, L.L.C. v. Stortz*, 11-25, p. 4 (La. App. 5 Cir. 10/25/11), 77 So. 3d 1033, 1036 (holding that testimony, billing statements, and demand letters submitted only by *plaintiff* and not independently corroborated were insufficient to prove the existence of an oral contract). Corroboration, however, does not require proof of every detail or term of the contract and instead "need only be general in nature." *Suire*, 907 So. 2d at 58; *See, e.g., Archaga v. Johnson*, 19-85, p. 12 (La. App. 5 Cir. 10/16/19), 280 So. 3d 331, 342 (holding that text messages and emails between parties acknowledging oral conversation were sufficient corroborating circumstances, despite not containing a set hourly rate).

### c. Negligence

Louisiana state courts offer general recourse for negligence under Louisiana Civil Code article 2315(A), which provides that "[e]very act whatever of man that causes damages to another obliges him by whose fault it happened to repair it." La. Civ. Code Ann. art. 2315(A) (2001); *MCI Commc'ns Servs., Inc. v. Hagan*, 11 - 1039, pp. 6–8 (La. 10/25/11), 74 So. 3d 1148, 1153–55.

When imposing liability for negligence under article 2315(A), Louisiana courts conduct a duty-risk analysis. *Westchester Fire Ins. Co. v. Haspel-Kansas Inv. P'ship*, 342 F.3d 416, 419 (5th Cir. 2019). Under this analysis, the plaintiff bears the burden of proving:

9

> (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard of care (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of the protection element); and (5) actual damages (the damages element).

*Pinsonneault v. Merchs. & Farmers Bank & Tr. Co.*, 01-2217, p. 6–7 (La. 4/3/02), 816 So. 2d 270, 275–76.

Whereas the existence of a legal duty is a question of law, *Smith v. Roussel*, 00-1028, p. 7 (La. App. 1 Cir. 6/22/01), 809 So. 2d 159, 165, the question of breach of duty, is largely a question of fact. *Boykin v. La. Transit Co.*, 96-1932, p. 7 (La. 3/4/98), 707 So. 2d 1125, 1231. Failure to prove even one element in the duty-risk analysis forecloses the negligence claim in its entirety. *Joseph v. Dickerson*, 99-1046, p. 5 (La. 1/19/00), 754 So. 2d 912, 916; *See also, Lemann v. Essen Lane Daiquiris, Inc.*, 05 - 1095, p. 7 (La. 3/10/06), 923 So. 2d 627, 633 ("A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty.").

To determine if a legal duty exists, the Louisiana Supreme Court requires consideration of "whether the plaintiff has any law—statutory, jurisprudential, or arising from general principles of fault—to support his claim." *Faucheaux v. Terrebonne Consol. Gov't*, 92-0930, p. 4 (La. 2/22/93) 615 So. 2d 289, 292. Thus, to allege a successful negligence claim, Plaintiff must identify either at least one statutory or jurisprudential authority in support of the proposed duty, *see Palmero v. Port of New Orleans*, 04-1804, p. 11 (La. App. 4 Cir. 1/19/07), 951 So. 2d 425, 435 (holding that failure by plaintiff or court to identify statutory or jurisprudential support negates finding of duty), or

10

demonstrate that defendant failed the "universal duty" to act reasonably under the circumstances. *Boykin*, 707 So. 2d at 1231.

## IV. DISCUSSION

The Court addresses Plaintiff's oral contract claims and negligence claim in turn.

### a. Oral Contract Claims

In support of its request for recognition of the existence of the alleged oral contracts, Plaintiff cites only one case: *Hodson v. Daron Cavaness Builder, Inc.* (*See* Doc. 25 at 5–6). In that case, the court *declined* to find an oral contract, as the submitted corroborating evidence either originated from the plaintiff himself or was insufficient testimony originating from a witness who was not present at the time of the alleged oral contract's formation. 17-1235, pp. 4–5 (La. App. 1 Cir. 2/27/18), 243 So. 3d 597, 600–01. The same can be said for the evidence submitted by Plaintiff here.

To prove the existence of the oral contracts, Plaintiff relies on the testimony of Thomas (Plaintiff's owner) and Courtnie Morden ("Morden") (a former employee of Plaintiff). (Doc. 25 at 5–6). Turning first to Thomas, Plaintiff is correct that Thomas could, as the plaintiff, serve as his own witness to the existence of the oral contracts. *Suire*, 907 So. 2d at 58. As described *supra*, Thomas, however, does not have direct personal knowledge of the existence, nature, or terms of the oral contracts confected by Stamey. (Doc. 22-3 ¶¶ 4, 10). On the contrary, Thomas' knowledge of the oral contracts comes from one oral conversation with Stamey, another employee of Plaintiff. (*Id.* ¶¶ 4, 6–10). Similarly, Morden has no specific knowledge of the twenty-

11

eight contracts in this case, instead relying entirely on information relayed to her through conversations with Stamey. (*See* Doc. 30 at 5 (citing Doc. 25-4 at 65:8–13, 66:15–24, 67:17–24)).

Plaintiff has made no argument alleging that Thomas' and Morden's statements fall within one of the hearsay exceptions or that Plaintiff would be able to prove the existence of the oral contracts in another admissible manner at trial. (*See* Doc. 25); *Patel v. Tex. Tech Univ.*, 941 F.3d 743, 746–47 (5th Cir. 2019). On the contrary, Plaintiff has not deposed Stamey and has made no indication that Plaintiff intends to call Stamey to testify at trial. (*See generally*, Doc. 25). The Court therefore deems the testimony of both Thomas and Morden inadmissible as hearsay. *See, e.g., Bellard v. Gautreaux*, 675 F.3d 454, 461 (5th Cir. 2012) (holding that hearsay evidence, even when unobjected, need not be considered in deciding a motion for summary judgment). Thus, Plaintiff has not met its burden of proving the existence of the oral contracts.[3]

Plaintiff, in its Opposition, broadly contends that Defendant "asserts that [Plaintiff]'s testimony is not credible [sic] however, that is not the standard for summary judgment. Credibility determinations are never appropriate for summary

---

[3] The Court notes that one alleged oral contract is valued at $311.20. (Doc. 13 at 3). The statute only requires that "a contract … for a value not in excess of five hundred dollars may be proved by competent evidence." La. Civ. Code Ann. art. 1846 (1984). However, as noted above, Plaintiff has failed to provide admissible evidence to prove the existence of *any* of the oral contracts. Therefore, Plaintiff has failed to carry its burden of providing "competent evidence" in support of the existence of this alleged oral contract, and the Court's summary judgment ruling applies to this oral contract claim as well.

12

judgment."[4] (Doc. 25 at 4). In one instance Defendant attacks Stamey's, a hearsay declarant's, credibility: "[Thomas] conceded that he had no firsthand knowledge about the issue and all his information … came from [Stamey] an employee whom Mr. Thomas labeled in his deposition as 'untrustworthy' and whom [Defendant] is currently suing for fraud." (*See* Doc. 22-1 at 5; *Id.* at 8–9 (citing Doc. 22 - 2 at 108:11 – 25, 109:1–25, 110:1–3, 137:16–19)). "Further, [Thomas] said that Mr. Stamey was arrested 'for some bad checks' and he believed that Mr. Stamey 'was in jail.'" (*Id.* at 9 (citing Doc. 22-2 at 35:9–12, 119:8–15)). Otherwise, Defendant's general references to Thomas and Morden as "credible witness[es]" pertain to the admissibility of their testimony, which the Court addressed above. (*See* Doc. 22-1; Doc. 30).

The Court will not contravene the summary judgment standard by making a "credibility determination" to find that Thomas and Morden are not eligible witnesses under La. Civ. Code Ann. art. 1846. *See Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 245 (5th Cir. 2016) ("By choosing which testimony to credit and which

---

[4] This argument appears to reference the predecessor of La. Civ. Code Ann. art. 1846, which required that oral contracts exceeding $500 must be proved by a "credible witness." *See* La. Civ. Code Ann. art. 2277 (1870). When the legislature reformulated the statue in 1984, it removed the word "credible" from the witness requirement. *See* La. Civ. Code Ann. art. 1846 (1984). The Revision Comment from 1984, however, specifies that "This Article reproduces the substance of [La. Civ. Code Ann. a]rt. 2277 (1870). It does not change the law." Revision Comment to La. Civ. Code Ann. art. 1846 (1984). Some Louisiana state appellate courts appear to persist in their use of the term "credible witness," *see, e.g., Sun Drilling Prods. Corp. v. Rayborn*, 00-1884, pp. 9–10 (La. App. 4 Cir. 10/3/01), 798 So. 2d 1141, 1149–50; *Trans-Glob. Alloy Ltd. v. First Nat'l Bank of Jefferson Par.*, 90-1848, 90-1810, p. 9 (La. 6/21/91). 583 So. 2d 443, 451, while others cleave to the updated statutory language. *See, e.g., Suire*, 907 So. 2d at 58; *Read v. Willwoods Cmty.*, 14-1475, pp. 5 – 6 (La. 3/17/15), 165 So. 3d 883, 886–87. The courts appear to use the terms interchangeably. Regardless, as described below, Defendant's arguments do not require the Court to make "credibility determinations" about Plaintiff's witnesses.

13

to discard, a court improperly weighs the evidence and resolves disputed issues in favor of the moving party. Doing so is tantamount to making a credibility determination, and—at this summary judgment stage—a court may make no credibility determinations."). Instead, the Court finds that the testimony of both Thomas and Morden constitute inadmissible hearsay and will not be considered in the Court's summary judgment assessment. Solely on this basis, the Court determines that Thomas and Morden's testimony cannot sustain Plaintiff's burden of providing at least one witness to prove the existence of the oral contacts.

Additionally, Plaintiff alleges a continued dispute as to whether Defendant had an obligation to issue written purchase orders for the alleged oral contracts but failed to do so. (Doc. 25 at 6–7). Additional allegations of breach of contract, however, do not relieve Plaintiff of its burden of proving that oral contracts existed in the first place. Rather, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Put simply, Plaintiff has failed to present at least one witness and corroborating circumstances that could prove the existence of the oral contracts. Remaining factual disputes unrelated to the contracts' existence are therefore immaterial to the Court's summary judgment analysis. Accordingly, the Court **GRANTS** Defendant's Motion with respect to the oral contract claims.

### b. Negligence Claim

The crux of Plaintiff's negligence claim rests on an incident at Defendant's property, during which Plaintiff's employees (including Mr. Thomas) sought to

remove gas cylinders from the paper mill but were denied entry to do so. (Doc. 25 at 8–10 (citing Doc. 25-3 at 99:17–21, 100:14–19, 104:4–19). Plaintiff asserts that, because Defendant denied Plaintiff access to Defendant's property, Defendant was both aware of the existence of the gas cylinders and intentionally withheld the cylinders from Plaintiff. (*Id.*). Neither party disputes, however, that Defendant was not party to the contract between Plaintiff and Industrial Welding Supply, nor that Industrial Welding Supply was the entity which placed the gas cylinders on Defendant's property. (Doc. 22-3 ¶ 13). Further, both parties agree that Plaintiff never notified Defendant—either by phone or in writing—that Plaintiff sought to remove the gas cylinders from Defendant's property. (*Id.* at ¶ 14).

Plaintiff offers no explanation, nor cites to any statute or case law, to demonstrate that a property owner has a duty to return materials unknowingly (or without consent) placed on his property by a third-party for purposes of construction or maintenance. (*See* Doc. 25). The Court struggles to identify any specific legal duty applicable to these facts. Defendant owes no contractual obligation to Plaintiff, because Defendant was not party to the gas cylinder lease contract. (Doc. 22-3 ¶ 12). Additionally, considering that Plaintiff leased the gas cylinders from a third party, it is unclear whether Plaintiff's property rights in the gas cylinders would have necessitated returning the gas cylinders to Plaintiff as opposed to the lessor.

The Court, however, is obligated to consider the facts presented in the light most favorable to the non-movant. *Coleman v. Hou. Indep. Sch. Dist.*, 113 F.3d 528,

533 (5th Cir. 1997). As noted, Plaintiff allegedly attempted to retrieve the gas cylinders from Defendant's property and was denied access. (Doc. 25 at 8). The Court therefore reads Plaintiff's claim as alleging a breach of Defendant's "universal duty" to act reasonably under the circumstances.[5] *Boykin v. La. Transit Co.*, 96-1932, p. 7 (La. 3/4/98), 707 So. 2d 1125, 1231.

Such a reading presents the Court with a difficult question of fact: Whether Defendant's decision to deny Plaintiff access to the property was reasonable, given the totality of circumstances. There remain many material uncertainties related to this question, including whether Thomas was physically present at all altercations that took place at the gate; what information (if any) was provided to Plaintiff during the altercation between Defendant and Plaintiff; who instructed Industrial Welding Supply to place the gas cylinders on Defendant's property; Plaintiff's particular property rights in the gas cylinders at the time of the altercation; and whether Defendant was provided notice that the gas cylinders would be placed on their property.

These continued uncertainties, however, do not raise a continued issue of material fact such that Defendant's Motion should be denied. Both parties have been provided ample time to conduct discovery and develop a sufficient record. Yet at this stage in the litigation, Plaintiff continues to rely on "[t]hreadbare recitals of [the] cause of action's elements, supported by mere conclusory statements," which are not

---

[5] Though Plaintiff does not specifically articulate a violation of this universal duty to act reasonably, sections of Plaintiff's Opposition suggest that Plaintiff is seeking this kind of relief. (*See* Doc. 25 at 10) ("[T]he law is clear that the facts as stated by [Plaintiff] create an action under Louisana law.") ("[D]enying entry to retrieve the cylinders is an intentional act which caused damages to [Plaintiff].")

16

sufficient to survive the summary judgment stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009); (*See* Doc. 25 at 10).

Absent clear evidence that Plaintiff would be able to prove Defendant acted unreasonably at trial, "Rule 56(c) *mandates* the entry of summary judgment." *Celotex Corp v. Catrett*, 477 U.S. 317, 322–323 (1986). Consequently, Plaintiff's submitted materials leave this Court no other option than to dismiss its remaining negligence claim and **GRANT** Defendant's Motion.

V.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion For Summary Judgment (Doc. 22)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action be and is hereby **DISMISSED WITH PREJUDICE**.

Judgment shall issue separately.

Baton Rouge, Louisiana, this 31st day of July, 2025

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA